

FILED
JUL 16 2008
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 07-40061 |
| Plaintiff, | \* | |
| vs. | \* | ORDER |
| JEFFREY JON QUAST, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court are Defendant's Motion to Dismiss Superseding Indictment, Doc. 50, and Magistrate Judge John Simko's Report and Recommendation, Doc. 63. Counsel for both Plaintiff and Defendant have advised the Court that a ruling on the Magistrate Judge's Report and Recommendation and Defendant's Objection to the Magistrate's Report and Recommendation may be made prior to the expiration of the ten (10) day objection period.

The Court adopts Magistrate Judge Simko's Report and Recommendation in part in that Count 1 will be dismissed. However, Count 2 will also be dismissed as there was no notice of any sort given of a hearing to be held as is required by 18 U.S.C. § 922(g)(8)(A). In addition, the Court finds that the informal meeting which took place between Mr. Quast, the Iowa Magistrate, and the prosecutor was not a hearing within the meaning of 18 U.S.C. § 922(g)(8)(A). There is wisdom in requiring that actual notice of a hearing be made and a formal hearing be held so that a party, especially an unsophisticated party, has an opportunity to appear at a hearing and also to knowingly and intelligently waive the right to appointed counsel at the hearing. Here we have a construction worker stopping at the courthouse since he was not working that day as it was a rainy day. He came to the courthouse to see if somehow the criminal charge could be taken care of. This was nothing more than an impromptu meeting with no evidence, no findings, and no scheduling or notice to anyone. If this was in fact a hearing, the magistrate would not have had an *ex parte* conference with the prosecutor before the Defendant rejoined them. This is exactly the sort of situation in which advance notice of a hearing be given so that the consequences of a disposition may be known and

considered before a disposition is agreed to by an unsophisticated person without the benefit of counsel. See *U.S. v. Spruill*, 292 F.3d 207, 210, 220 (5th Cir. 2002)(there, as here, there was no notice and no proceedings in a courtroom.) Accordingly,

IT IS ORDERED:

1. That Defendant's Objection to the Report and Recommendation Denying Defendant's Motion to Dismiss Count 2, Doc. 64, is granted; and the Report and Recommendation of the Magistrate Judge is GRANTED in part and DENIED in part, and Defendant's Motion to Dismiss Superseding Indictment, Doc. 50, is GRANTED, and both Count 1 and Count 2 of the Superseding Indictment are dismissed.

Dated this 16th day of July, 2008.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY